1025

Perry GOSSETT, Appellant,

v.

ERA MEYERES REAL ESTATE and
Fireman's Fund Insurance,
Appellees.

No. S–3308.

Supreme Court of Alaska.

Feb. 23, 1990.

Albert G. Parrish, Parrish Law Firm,
APC, Fairbanks, for appellant.

Frank S. Koziol, Jr., Anchorage, for appellees.

Before MATTHEWS, C.J., and
RABINOWITZ, BURKE, COMPTON
and MOORE, JJ.

OPINION

MATTHEWS, Chief Justice.

Perry Gossett was injured in a work-related auto accident. He filed a worker's compensation claim against his employer, ERA Meyeres Real Estate, and its insurance carrier, Fireman's Fund Insurance (collectively referred to as the Employer). He also filed a tort action against various defendants, including Herbert Holmes. Gossett's wife, Marilyn, joined as a plaintiff in the tort action, asserting a loss of consortium claim. The Employer paid medical bills and disability benefits on a periodic basis. In the tort suit, Holmes made an offer of judgment of $100,000 to Perry Gossett "conditional on plaintiff Marilyn M. Gossett voluntarily dismissing with prejudice her claims against defendant Holmes." This offer was accepted by both Gossetts in a document using the following language: "Plaintiffs Perry Gossett and Marilyn M. Gossett hereby accept Herbert L. Holmes' offer of judgment...."

The offer and acceptance were filed and a final judgment was entered as follows: "judgment is hereby entered in favor of plaintiffs Perry Gossett and Marilyn M. Gossett in the amount of $100,000...." The form of this judgment was approved by counsel for Holmes.[1] $74,734.63 has been paid by Holmes toward satisfaction of this settlement. Of this, the Gossetts' attorneys retained $25,346.54, disbursed $25,624.10 without apportionment to the Gossetts, and paid the Employer $23,763.99.

The Employer's obligation to make disability payments continued after receipt of the payment from the Gossetts' attorneys. AS 23.30.015(g) provides that an employer is entitled to a credit against future com-

---

1. The content of the judgment, however, was not approved as Holmes claimed that previously paid medical bills of some $25,000 were meant to be offset. Holmes appealed the judgment unsuccessfully. *Holmes v. Gossett,* Mem.Op. & J. No. 1998 (Alaska, November 25, 1987).

pensation payments for any "excess recovery by the employee" received in a tort action based on the same accident as that giving rise to the obligation to pay worker's compensation.[2] The dispute in this case is whether the balance of the settlement proceeds paid to the Gossetts should all be apportioned to Perry Gossett's claim and thus be considered as "excess recovery by the employee" for which the Employer is entitled to a credit against future payments, or whether some portion of the balance should be apportioned to Marilyn's loss of consortium claim.

The board held that the Employer was entitled to a credit for the entire balance. On appeal, the superior court affirmed.

Gossett contends on appeal that the settlement proceeds as between he and Marilyn have never been apportioned, that only those proceeds attributable to his claim may be considered excess recovery available for credit against future compensation under AS 23.30.015, that, on remand, the superior court rather than the board should decide the question of apportionment, or, alternatively, that this court should decide that 50 percent of the balance of the proceeds should be apportionable to Marilyn's loss of consortium claim.

The Employer counters that the Gossetts have already apportioned the claim among themselves by accepting the offer of judgment which was conditioned on Mrs. Gossett's claim being dismissed, and that they are bound by this apportionment. Alterna-

tively, the Employer argues that the board is the proper forum for deciding the apportionment issue and that the 50/50 division suggested by Gossett is inappropriate.

The Employer argues that "a judgment was entered in Mr. Gossett's favor, with Mrs. Gossett's claim being dismissed. As a result, the board ruled that it had no authority to disallow any part of Employer's lien rights by apportioning some of the money received by Mr. Gossett to his wife."[3] This statement is inaccurate because, as noted above, the judgment actually entered ran jointly in favor of Perry and Marilyn.

 It is apparent that no apportionment of proceeds has been made as between the claims of Perry and Marilyn. Had judgment been entered solely in favor of Perry and had Marilyn's claim been dismissed there would be a basis for concluding that the Gossetts apportioned 100 percent of the proceeds to Perry. It is evident from the form of judgment actually entered that the Gossetts took considered action to avoid this result. An apportionment is necessary since any recovery by Marilyn is not a recovery by "the employee," and thus may not be an "excess recovery by the employee" which is subject to a credit against amounts payable by the employer.[4]

In the present case, it is our view that the apportionment should be made on remand by the board. At the hearing before the board, Gossett requested that the board perform the apportionment. In reaching

2. AS 23.30.015(g) provides:
 If the employee or the employee's representative recovers damages from the third person, the employee or representative shall promptly pay to the employer the total amounts paid by the employer under (e)(1)(A), (B) and (C) of this section, insofar as the recovery is sufficient after deducting all litigation costs and expenses. Any excess recovery by the employee or the representative shall be credited against any amount payable by the employer thereafter.

3. The Employer also states: "Mr. Gossett conceded he did not 'split' the money with his wife, Marilyn." Review of the complete transcript where Mr. Gossett was questioned on this point reveals that there was not much of a concession. He was asked by the Employer's counsel: "Q: Have you split the money, yourself, between you and your wife in any event? A: No." "Q: ... (by Gossett's counsel) You were asked

whether or not you and Marilyn split the money that you received in the third-party action. Do you split your paycheck when you get it? A: She gets all of it. We have one checking account, and that's where it goes."

4. The board does not appear to have understood this point. It stated the question presented as follows:
 Employee argues that his wife, Marilyn Gossett, should get one half the excess recovery from the settlement for her claim for loss of consortium.
 . . . .
 [W]e believe any excess recovery must first be used to credit employer for benefits it pays employee from the initial disbursement of the settlement proceeds until employee is no longer in need of worker's compensation benefits. There is no indication in subsection .015(g) that we have authority to allow a party to the

this conclusion, we do not suggest that a court apportionment would be inappropriate in other circumstances, so long as the employer has notice and an opportunity to be heard. Under the facts of this case, however, since Gossett chose the board as the appropriate forum, the board should decide the question.

■ We reject Gossett's argument that we rule that a 50/50 apportionment is appropriate under the facts of this case as this is a factual determination which cannot be decided in the first instance on appeal. *See Parker v. Northern Mixing Co.*, 756 P.2d 881 (Alaska 1988).

The judgment of the superior court is reversed and this case is remanded to the superior court with instructions to remand it to the Workers' Compensation Board to apportion the settlement proceeds received in the third-party action from the defendant Holmes between the claim of Perry Gossett and that of Marilyn Gossett.

REVERSED AND REMANDED.

third-party settlement to squeeze in ahead of the employer to claim some of the settlement proceeds. On the contrary, we conclude that the statute gives the employer a lien priority for the excess recovery from the third-party claim. Employee's request that we give Marilyn Gossett some of the excess recovery is denied and dismissed.

Marilyn, of course, is not claiming any portion of the excess recovery. The purpose of the apportionment she sought was to separate her recovery from the recovery by the employee. Only a portion of the latter can be considered excess recovery by the employee.