Scott P. MACKIE, M.D., Appellant
and Cross–Appellee,

v.

Savitri CHIZMAR, Appellee
and Cross–Appellant.

Nos. S–7782, S–7802.

Supreme Court of Alaska.

Oct. 2, 1998.

Rehearing Denied Oct. 30, 1998.

Donna M. Meyers and Howard A. Lazar, Delaney, Wiles, Hayes, Gerety & Ellis, Inc., Anchorage, for Appellant/Cross–Appellee.

C.R. Kennelly, Stepovich, Kennelly & Stepovich, P.C., Anchorage, for Appellee/Cross–Appellant.

Before MATTHEWS, Chief Justice, COMPTON, and FABE, Justices.

*OPINION*

FABE, Justice.

## I. *INTRODUCTION*

This appeal stems from Savitri Chizmar's suit against Dr. Scott Mackie based on his misdiagnosis of her as HIV positive. Dr. Mackie argues that the trial court erred in ruling that the initial appeal and remand of this case invalidated his offer of judgment, made pursuant to Alaska Civil Rule 68. Chizmar argues that the trial court awarded her inadequate damages. Based on a review of the language and purpose of Rule 68, we conclude that offers of judgment generally remain valid despite appeal and remand. The rule's penalties do not apply to Chizmar's recovery in this case, however, because that recovery was obtained through an alternative dispute resolution procedure agreed upon by the parties. We remand the damages award because a lack of findings leaves us unable to review its adequacy.

## II. *FACTS AND PROCEEDINGS*

We detailed the facts of Chizmar's suit against Dr. Mackie in *Chizmar v. Mackie,* 896 P.2d 196 (Alaska 1995) *(Chizmar I )*. Therefore, we now recite only those additional facts necessary to understand the current dispute between the parties.

Before trial began in the original litigation, Dr. Mackie offered, pursuant to Civil Rule 68 and AS 09.30.065, to settle Chizmar's claims for $25,000, plus attorney's fees, costs, and prejudgment interest. Chizmar rejected his offer. Following a jury trial, the trial court directed a verdict against Chizmar on all of her claims. She appealed to this court, and we affirmed in part and reversed in part. Ruling that Chizmar did not need to show physical injury to recover on her claim of negligent infliction of emotional distress (NIED), we reversed the trial court's holding on this claim and remanded for further proceedings. *See Chizmar I,* 896 P.2d at 214.

On remand, the parties signed an alternative dispute resolution (ADR) stipulation that authorized the trial court to decide the NIED claim based on a review of the record, supplemented only by additional deposition testimony and the parties' oral argument.

The ADR stipulation expressly provided that Chizmar and Dr. Mackie preserved all appellate rights.

Following the ADR procedure, Superior Court Judge Karl S. Johnstone found that Dr. Mackie was negligent·and that his negligence proximately caused Chizmar's emotional distress. He then awarded Chizmar $15,000 in compensatory damages. Chizmar moved for attorney's fees and costs, but Dr. Mackie opposed her motion, arguing that because his Rule 68 offer was more favorable than the trial court's award, he was entitled to attorney's fees and costs. Dr. Mackie also moved for entry of judgment against Chizmar.

While these motions were pending, the superior court *sua sponte* raised the issue of whether the Rule 68 offer remained valid after the remand in *Chizmar I*. The parties submitted supplemental briefing, and the court held a hearing on this issue. The superior court ruled that the offer of judgment had expired because

> the entry of the final judgment [the directed verdict against Chizmar at the end of the first litigation] terminated the validity of [the] offer: ... the reinstatement of the case by the Supreme Court for a new trial on more limited issues changed the case, and for policy reasons, the court has concluded the offer of judgment should no longer be valid.

The court denied Dr. Mackie's motions and entered final judgment for Chizmar.

Dr. Mackie appeals the denial of Rule 68 attorney's fees and costs and the entry of judgment for Chizmar. Chizmar cross-appeals the amount of the damages award.

1. Although Dr. Mackie made his offer of judgment pursuant to both Rule 68 and AS 09.30.065, we have previously held that our construction of Rule 68 generally applies to the interpretation of the statute. *See LaPerriere v. Shrum*, 721 P.2d 630, 633 (Alaska 1986).

2. Rule 68 provides in relevant part:
   (a) At any time more than 10 days before the trial begins, either the party making a claim or the party defending against a claim may serve upon the adverse party an offer to allow judg-

## III.  DISCUSSION

### A.  Standard of Review

The interpretation of Rule 68 is a question of law that we review *de novo*, adopting the rule of law that is "most persuasive in light of precedent, policy and reason." *Jaso v. McCarthy*, 923 P.2d 795, 801 (Alaska 1996) (citations omitted). We review a trial court's award of damages as a finding of fact and will not disturb it on appeal unless clearly erroneous. *See Otis Elevator Co. v. Garber*, 820 P.2d 1072, 1075 (Alaska 1991). Unless we are left with a "definite and firm conviction on the entire record" that the trial court committed a mistake, we will not reverse a damages award. *Id.*

### B.  Did Dr. Mackie's Offer of Judgment, Made Pursuant to Rule 68, Apply to Judge Johnstone's Decision?

The parties agree that the only issue Dr. Mackie raises on appeal is "whether [the offer] remained valid after judgment was entered in favor of Mackie and after this court's remand." We conclude that offers of judgment, in general, do remain effective after appeal and remand. The parties' decision to resolve their dispute through an alternative to trial, however, invalidated Dr. Mackie's offer in this case.

### 1.  An offer of judgment remains valid after appeal and remand.

■ The first question posed by this dispute is how the appeal and remand of a case affects the viability of a Rule 68 offer. In deciding this question, we consider the text of Rule 68, the scope of its federal counterpart, and the policy concerns raised by the parties' proposed interpretations.[1]

Turning first to the language of Rule 68, we note that nothing in its text limits an offer's validity after appeal and remand.[2]

ment to be entered in complete satisfaction of the claim for the money or property or to the effect specified in the offer, with costs then accrued. The offer may not be revoked in the 10 day period following service of the offer. If within 10 days after service of the offer the adverse party serves written notice that the offer is accepted, either party may then file the offer and notice of acceptance together with proof of service, and the clerk shall enter judgment. An offer not accepted within 10 days is

Instead, the rule provides that the offeree will incur penalties if the judgment "finally" entered by the court is less favorable to the offeree than the Rule 68 offer. Alaska R. Civ. P. 68(b). A judgment finally entered by a court may well be a judgment entered after appeal and remand. Indeed, the term "finally" implicitly acknowledges the role of appeals and remands in the litigation process because it recognizes that the judgment finally entered may differ from the initial final judgment entered by a trial court.

An interpretation of the rule that permits offers to remain valid after appeal and remand is also consistent with interpretation of Federal Rule of Civil Procedure 68, upon which our rule is based. The commentary to the federal rule states:

> It is implicit ... that *as long as the case continues—whether there be a first, second or third trial—*and the defendant makes no further offer, his first and only offer will operate to save him the costs from the time of that offer if the plaintiff *ultimately obtains a judgment* less than the sum offered.

Fed.R.Civ.P. 68 Advisory Committee Notes on 1946 amendment (emphasis added). The federal counterpart to Rule 68 therefore assumes, as Dr. Mackie urges, that offers of judgment will remain valid throughout the course of multiple appeals and remands.

Finally, Dr. Mackie's proposed interpretation of Rule 68 furthers its purpose of encouraging settlement and avoiding prolonged litigation. *See Pratt & Whitney Canada, Inc. v. Sheehan*, 852 P.2d 1173, 1182 (Alaska 1993) (citation omitted); *see also* Fed. R.Civ.P. 68 Advisory Committee Notes on 1946 amendment ("These provisions should serve to encourage settlements and avoid protracted litigation."). Offers of judgment

force both the offeror and the offeree to "evaluate the risks and costs of litigation, and to balance them against the likelihood of success upon trial on the merits." *Marek v. Chesny*, 473 U.S. 1, 5, 105 S.Ct. 3012, 87 L.Ed.2d 1 (1985) (referring to Fed.R.Civ.P. 68). The penalties of Rule 68 raise the cost of litigation in the offeree's risk-benefit analysis, thus making settlement more attractive. If the offeree knows that he or she can escape these penalties by appealing the trial court's decision and obtaining a remand on any issue, the risk of litigation will decrease and, thereby, so will the motivation to settle. Indeed, adopting Chizmar's position may encourage parties to prolong litigation. Faced with an unfavorable trial court ruling, an offeree will have the incentive to file an appeal if only to hope for a remand that will nullify the Rule 68 offer. In sum, allowing a litigant to escape the penalties of Rule 68 because an appellate court remanded the case would create an exception nearly large enough to swallow the rule.

Chizmar contends that any general rule that Rule 68 offers do remain valid after an appeal and remand should not apply when an appellate court (i) vacates only part of a judgment or (ii) remands a case after significantly changing the relevant law. We disagree.

First, we note that the text of Rule 68 draws neither of the distinctions suggested by Chizmar. Second, Chizmar offers no compelling policy reason to justify these exceptions. Plaintiffs regularly raise multiple causes of action in a lawsuit, and appellate courts regularly remand on some issues while affirming on others. Similarly, the governing law is often revised in the course of a trial and appeal. We see no reason why these expected events of the appellate pro-

considered withdrawn and evidence of the offer is not admissible except in a proceeding to determine costs. The fact that an offer is made but not accepted does not preclude a subsequent offer.

(b) If the judgment finally rendered by the court is not more favorable to the offeree than the offer, the prejudgment interest accrued up to the date judgment is entered shall be adjusted as follows:

(1) if the offeree is the party making the claim, the interest rate will be reduced by the

amount specified in AS 09.30.065 and the offeree must pay the costs and attorney's fees incurred after the making of the offer (as would be calculated under Civil Rules 79 and 82 if the offeror were the prevailing party). The offeree may not be awarded costs or attorney's fees incurred after the making of the offer.

(2) if the offeree is the party defending against the claim, the interest rate will be increased by the amount specified in AS 09.30.065.

cess should excuse an offeree from incurring the penalties of Rule 68. Given that the offer of judgment is made prior to trial, both parties are equally unsure about what may occur during an appeal and both parties are equally capable of factoring partial remands and changes in the law into their risk-benefit analysis. We therefore reject Chizmar's proposed exceptions to the general rule that offers of judgment remain valid after appeal and remand.

### 2. The penalties of Rule 68 do not apply to Chizmar's recovery through ADR.

■ Although Rule 68 offers generally remain valid after appeal and remand, Chizmar obtained her recovery in this case through ADR, rather than through trial. As a result, we must consider if Rule 68's penalties apply to damages received in ADR procedures. Again, we consult the rule's text and purpose in deciding this issue.

■ The stipulation signed by the parties on remand expressly stated that they were adopting the ADR procedure "in lieu of the regular trial presently scheduled for November 13, 1995...." The text of Rule 68, however, suggests that its penalties apply only to those who pursue traditional trial litigation rather than accept a reasonable settlement offer. *See* Alaska R. Civ. P. 68(a) (stating that the offer of judgment may be made "[a]t any time more than 10 days before the *trial* begins ...") (emphasis added). As a result, when Dr. Mackie and Chizmar chose to pursue ADR and settle their dispute outside the traditional litigation process, they chose a dispute resolution method that is not subject to Rule 68's penalties.

In fact, in agreeing to resolve their dispute through ADR, Chizmar and Dr. Mackie acted in accordance with the goals of Rule 68. Rule 68 is meant to discourage expensive and protracted litigation. *See Sheehan*, 852 P.2d at 1182. The parties in this case rejected a full-blown trial, restricting the way evidence

was to be presented and waiving their right to a jury in order to save time and money. Ruling that Rule 68's penalties do not apply to Chizmar's ADR recovery furthers the rule's purposes because it encourages parties, at all stages of proceedings, to choose dispute resolution methods that avoid unnecessary litigation.

Further, although we acknowledge that the parties' agreement could be interpreted as providing for trial on an augmented record, the agreement's title indicates that the parties viewed the chosen procedure as an ADR. We see no reason to second-guess their understanding of the agreement's substance as reflected in its title because, unlike the dissent, we are not concerned by the fact that the ADR procedure they chose resembles a trial in some respects. Alternative dispute resolution may take many forms, some of which, such as arbitration, mini-trials, summary jury trials, and private judging, closely resemble traditional trials. *See* Jay E. Grenig, *Alternative Dispute Resolution* § 2.6–2.72, at 20–37 (2d ed.1997); *see also* Bette J. Roth et al., *The Alternative Dispute Resolution Practice Guide* § 40:1–2, at 1–2 (1993).

■ Our holding in this case should not be construed to suggest that parties cannot retain the penalties of Rule 68 as part of an ADR procedure. We place no such artificial limits on what parties may agree to in fashioning an ADR process that meets their needs and concerns. *See Donovan Leisure Newton & Irvine ADR Practice Book* 9 (John H. Wilkinson ed., 1990) (stating that in designing an ADR process, such as arbitration, parties can agree upon any format that they find acceptable). Instead, given that Rule 68 applies only to the results of conventional litigation, we hold simply that parties must explicitly reserve its applicability when they decide to pursue ADR. The stipulation in this case did not specifically provide that the offer of judgment would apply to the results of the ADR process.[3] Particularly as

---

**3.** The stipulation instructing Judge Johnstone to "determine costs and attorney's fees based upon the guidelines set forth in the Civil Rules" is insufficient to reserve the applicability of Rule 68. Because the rule imposes sanctions on a party for refusing to settle short of trial, an

agreement that anticipates such a settlement necessarily waives the rule's sanctions absent an express indication to the contrary. We therefore conclude that this stipulation invoked only the applicability of Civil Rules 79 and 82, the rules

Dr. Mackie drafted the stipulation, his failure to reserve the applicability of Rule 68 prevents the offer of judgment from applying to the ADR award recovered by Chizmar.[4]

### C. Did the Trial Court Err in Awarding $15,000 in Damages to Chizmar?

Chizmar urges us to vacate the trial court's $15,000 damage award. She argues that the damage award is grossly inadequate and will not compensate her for the emotional distress and economic loss she has suffered due to Dr. Mackie's negligence in misdiagnosing her as HIV positive.

In response, Dr. Mackie argues that Chizmar failed to seek economic damages on remand and therefore cannot claim that the damage award was inadequate in part because it fails to compensate her for such damages. The trial transcripts considered by Judge Johnstone on remand, however, included testimony introduced in part to prove Chizmar's economic damages. Thus, contrary to Dr. Mackie's assertion, the trial court may have incorporated economic damages into its award to Chizmar; we are unable to determine if it did so due to the lack of findings.

■ Additionally, we cannot agree with Dr. Mackie that Chizmar waived her claim to economic damages by failing to request them in the proposed findings she submitted to the trial court. The proposed findings stated in part:

48. I find that an appropriate amount, under all of the attendant circumstances, to compensate Savitri Chizmar for the emotional and mental distress she has suffered and continues to suffer is One Hundred Fifty Thousand and No/100 Dollars ($150,000.00).

Dr. Mackie argues that the phrase "emotional and mental distress" proves that Chizmar was seeking only non-economic damages. However, given that Chizmar sought compensation for mental health care expenses, such as therapy, we conclude that the proposed finding is broad enough to encompass a request for economic damages.

■ Turning to Chizmar's argument that the damage award is inadequate, we find that we are unable to review its adequacy because the trial court did not provide any findings of fact. In its decision, the court failed to explain the theory by which it reached the $15,000 award. Instead, it merely stated: "The court concludes that the sum of $15,000 shall be awarded to Savitri Chizmar for compensatory damages...." A "stark pronouncement" that a plaintiff deserves a particular amount of damages, with no rationale to support the amount chosen, frustrates our ability to conduct appropriate appellate review. *Fairbanks Builders, Inc. v. Morton DeLima, Inc.*, 483 P.2d 194, 197 (Alaska 1971). Inadequate findings are particularly problematic in this case, as the court chose an award different from the awards suggested by the parties. *See Otis Elevator Co. v. Garber*, 820 P.2d 1072, 1076 (Alaska 1991). Chizmar requested $150,000 in damages whereas Dr. Mackie suggested an award of less than $4,000.

■ In the absence of factual findings, we cannot conduct meaningful appellate review. Searching the briefs and the record to justify a damage award would require us to weigh the evidence and thus improperly assume the role of the trial court. *See Merrill v. Merrill*, 368 P.2d 546, 548 (Alaska 1962). We therefore remand to the trial court to enter appropriate findings of fact and conclusions of law in accordance with Alaska Civil Rule 52(a). Further, we note that if the trial court's award represents damages for both economic and non-economic loss, the award should be itemized as required by AS 09.17.040.[5]

---

that generally govern the award of costs and attorney's fees.

4. Although Chizmar did not raise this argument below, we exercise our authority to affirm on any grounds supported by the record. *See Dixon v. Dixon*, 747 P.2d 1169, 1175 n. 5 (Alaska 1987).

5. Alaska Statute 09.17.040 provides in relevant part:

(a) in every case where damages for personal injury are awarded by the court or jury, the verdict shall be itemized between economic loss and noneconomic loss, if any, as follows:

(1) past economic loss;

(2) past noneconomic loss;

## IV. *CONCLUSION*

We AFFIRM the trial court's decision that Dr. Mackie's Rule 68 offer did not apply to the damages recovered by Chizmar through the ADR procedure. We REMAND the damage award to the trial court for sufficiently detailed findings that will enable this court to conduct meaningful appellate review of the award's adequacy.

MATTHEWS, C.J., dissenting in part.

EASTAUGH and BRYNER, JJ., not participating.

MATTHEWS, Chief Justice, dissenting in part.

I agree with the majority opinion, except its holding that Civil Rule 68 does not apply because the parties used the term "alternative dispute resolution" in the title of their stipulation. The term is a broad one which, taken alone, is devoid of specific content. The best way to determine what the parties to this case meant in their "Stipulation For Alternative Dispute Resolution" is to refer to the text of the stipulation. It is set out in the margin.[1]

The stipulation calls for a bench trial rather than a jury trial and specifies that the evidence will consist of the evidence presented at the first trial, deposition testimony of three named witnesses, and deposition testimony presented to rebut the testimony of the three witnesses. Final argument is limited to one hour per side.

The civil rules contemplate the waiver of jury trials, Civil Rule 38(d), and provide for the limitation of final arguments, Civil Rule 46(h). The only features of the stipulation that deviate from the norm for judge-tried cases are evidentiary. The stipulation limits the evidence that can be presented. It waives objections to the use of depositions (such as the one-hundred-mile rule of Civil Rule 32(a)(3)(B)) and to the use of testimony presented at the first trial (such as the unavailability requirement of Evidence Rule 804(b)).

What the stipulation thus calls for is a bench trial on limited evidence with certain objections waived.[2] The stipulated proceedings are therefore alternative to a jury trial

---

(3) future economic loss;
(4) future noneconomic loss; and
(5) punitive damages.

**1.** STIPULATION FOR ALTERNATIVE DISPUTE RESOLUTION

IT IS HEREBY stipulated and agreed by and between counsel for Savitri Chizmar, individually, and for Savitri Chizmar as the natural parent of minor Cynthia Marie Chizmar and Desiree Michelle Chizmar, and counsel for Scott P. Mackie, M.D., that in lieu of the regular trial presently scheduled for November 13, 1995, the following procedure shall be employed:

1. A complete transcript of the proceedings from the original trial will be submitted to Judge Johnstone for his review and to assist him in recalling any testimony from that trial;

2. There will be no "live" testimony presented to Judge Johnstone for his consideration;

3. The only additional evidence that will be provided to Judge Johnstone will be in deposition form and shall be limited to the deposition testimony of Cynthia Chizmar, Tina Lalonde, Psychiatrist Wilford A. Cassell, M.D., and any testimony defendant wishes to provide to rebut evidence presented by the three witnesses noted above;

4. Each side will be given one hour to argue the case to Judge Johnstone. That is,

plaintiffs would have one hour in total and the defendant would have one hour in total;

5. The argument before Judge Johnstone would be held on November 20, 21, or 22, at Judge Johnstone's discretion;

6. Judge Johnstone would then make a determination as to liability and damages, if necessary;

7. Judge Johnstone would then determine costs and attorney's fees based upon the guidelines set forth in the Civil Rules;

8. All appellate rights will be preserved for all parties.

**2.** In *Thomson v. Wheeler Construction Co.,* 385 P.2d 111 (Alaska 1963), we disapproved of a stipulation deferring evidentiary objections until the end of trial:

Such a practice is totally incompatible with the orderly type of trial contemplated by the rules of practice and procedure made and promulgated by this court. *These rules may not be stipulated away or nullified by any agreement between the parties to litigation, even when such an agreement is acquiesced in by the trial judge. Id.* at 115 (emphasis added). The emphasized sentence may be too broad. Arguably stipulations which do not interfere with the model of an "orderly" trial under the civil rules should not be prohibited. If that is the test, the stipulation in this case would pass muster, as would a stipulation waiving the provisions of Civil Rule 68.

and alternative to a judge-tried case in which evidence is not limited and objections are not waived. In my view, those are the only senses in which the dispute resolution process stipulated to was "alternative."

There is no settled meaning of the term "alternative dispute resolution" which would require that provisions of the rules not waived under the terms of the stipulation nonetheless be considered waived. It would be difficult to argue that the parties agreed to dispense with rules such as those pertaining to service, filing, signing, continuances, or sanctions. (See Civil Rules 5, 5.1, 11, 40(e), and 95). And the majority has implicitly acknowledged that the dispute resolution method agreed to was not so alternative that the findings requirement of Civil Rule 52(a) was waived. In my view, it follows that the offer of judgment rule, Civil Rule 68, was not waived.

In addition, the concept of waiver implies "an intentional relinquishment of a known right." *Alaska Foods, Inc. v. American Mfrs. Mut. Ins. Co.*, 482 P.2d 842, 852 (Alaska 1971) (quoting *Hammonds v. State*, 442 P.2d 39, 42 (Alaska 1968)). Without an indication that the parties intended to waive their respective rights under Civil Rule 68, this principle requires the conclusion that such rights were not waived.

Finally, Civil Rule 68 is determinative of the amount of attorney's fees and costs under the civil rules where the eventual judgment is lower than the offer of judgment. Here the stipulation expressly provided that fees and costs would be determined "based upon the guidelines set forth in the Civil Rules." Thus even if excluding civil rules except those called for by the subject matter of the stipulation were appropriate, Civil Rule 68 would still have to be applied for it supplies critical guidelines for the determination of costs and fees.

For these reasons I would remand this case for the additional purpose of the application of Civil Rule 68 with respect to the determination of court-awarded costs and attorney's fees.