**Paul SAYER, Appellant,**

v.

**Elizabeth BASHAW, Appellee.**

**No. S–12966.**

Supreme Court of Alaska.

Aug. 28, 2009.

Tim Dooley, Law Office of Tim Dooley, Anchorage, for Appellant.

Jeffrey A. Friedman and Richard H. Friedman, Friedman, Rubin & White, Anchorage, for Appellee.

Before: FABE, Chief Justice, EASTAUGH, CARPENETI, and WINFREE, Justices.

*OPINION*

EASTAUGH, Justice.

## I. INTRODUCTION

This appeal turns on the validity of a defendant's offer of judgment that required dismissal of the lawsuit, but did not provide for entry of judgment. The plaintiff did not accept the defendant's pretrial offer to pay $10,111 in exchange for immediate dismissal with prejudice. The defendant prevailed at trial, but the superior court denied his motion for enhanced attorney's fees under Alaska Civil Rule 68. He argues here that he made a valid offer of judgment. Because a valid offer of judgment in Alaska must allow for entry of judgment, not merely dismissal with prejudice, we affirm the order denying defendant's motion for Rule 68 attorney's fees.

## II. FACTS AND PROCEEDINGS

In March 2005 Elizabeth Bashaw sued several defendants, including Dr. Paul Sayer, alleging that she was unlawfully fired from her position at South Peninsula Hospital.[1] On June 10, 2005, Dr. Sayer served a document titled "Offer of Judgment" on Bashaw's attorney. The document stated that the defendant "hereby makes a Rule 68 offer of judgment by which Paul Sayer will pay [$10,-111] to plaintiff Elizabeth Bashaw" and that "[t]his offer contemplates that if it is accepted, Elizabeth Bashaw's lawsuit against Paul Sayer will be immediately dismissed with prejudice."[2] Bashaw did not accept the offer. The case went to trial, and the jury found Dr. Sayer not liable. In May 2007 he filed a motion asking the superior court to enter judgment for him and to award him Rule 68 attorney's fees of $74,925. Superior Court Judge Harold M. Brown denied the motion, holding that "[t]he express language of Rule 68 requires a party to offer to allow judgment to be entered in the case," and that the offer did not meet Rule 68's requirements because it did not "allow judgment to be taken for or against either party." When final judgment was later entered against Bashaw, Superior Court Judge Joel H. Bol-

ger awarded Dr. Sayer $31,498.20 in partial attorney's fees under Alaska Civil Rule 82.[3]

Dr. Sayer appeals the denial of Rule 68 fees.

## III. DISCUSSION

### A. Standard of Review

 We use our independent judgment in reviewing questions of law, including the interpretation of Rule 68.[4] We will adopt the rule of law that is "most persuasive in light of precedent, policy, and reason."[5]

### B. Whether the Offer Was a Valid Offer of Judgment Under Rule 68

Rule 68(a) allows either party to "serve upon the adverse party an offer *to allow judgment to be entered* in complete satisfaction of the claim."[6] (Emphasis added.) If the offeree does not accept, and the final judgment is at least five percent (if there is a single defendant) or ten percent (if there are multiple defendants) less favorable to the offeree than the offer, the offeree "shall pay [a specified percentage of] all costs [and] reasonable actual attorney's fees incurred by the offeror from the date the offer was made."[7]

---

**1.** Bashaw's complaint alleged that she was fired from her position as a surgical services manager at South Peninsula Hospital in violation of the Alaska Whistleblower Act. AS 39.90.100 *et seq.* Bashaw later filed amended complaints containing additional allegations, including an allegation that Dr. Sayer intentionally interfered with her contract with the hospital.

**2.** The text of the offer stated:

**OFFER OF JUDGMENT**

1. Defendant Dr. Paul Sayer through his lawyer Tim Dooley of the Law Office of Tim Dooley hereby makes a Rule 68 offer of judgment by which Paul Sayer will pay to plaintiff Elizabeth Bashaw the amount of $10,111.00 inclusive of costs, interest, and attorney fees.

2. This offer contemplates that if it is accepted, Elizabeth Bashaw's lawsuit against Paul Sayer will be immediately dismissed with prejudice.

3. If this offer of judgment is not beaten by Elizabeth Bashaw, Paul Sayer will request that Ms. Bashaw pay the statutory 75% of reasonable actual attorney fees and 100% of his costs under AS 09.30.065(a)(1).

**3.** Dr. Sayer had also requested $20,115 in Alaska Civil Rule 79 costs and was awarded costs of $16,670.50.

**4.** *Mackie v. Chizmar*, 965 P.2d 1202, 1204 (Alaska 1998) ("The interpretation of Rule 68 is a question of law that we review *de novo* ...."); *see also Lowell v. Hayes*, 117 P.3d 745, 750 (Alaska 2005) ("Whether Rule 68 is applicable to a given case is a question of law." (citing *Van Deusen v. Seavey*, 53 P.3d 596, 603–04 (Alaska 2002))).

**5.** *Mackie*, 965 P.2d at 1204 (internal quotation marks omitted) (quoting *Jaso v. McCarthy*, 923 P.2d 795, 801 (Alaska 1996)).

**6.** Rule 68(a), as applied to cases filed on or after August 7, 1997, reads in pertinent part:

(a) At any time more than 10 days before the trial begins, either the party making a claim or the party defending against a claim may serve upon the adverse party an offer to allow judgment to be entered in complete satisfaction of the claim for the money or property or to the effect specified in the offer, with costs then accrued.
....

**7.** Alaska R. Civ. P. 68(b). Rule 68(b) allows the offeror to recover seventy-five, fifty, or thirty percent of the offeror's reasonable actual post-offer attorney's fees, depending on when the of-

The issue here is whether the offer was a valid offer of judgment under Rule 68. The superior court held that it was not, because "[t]he express language of Rule 68 requires a party to offer to allow judgment to be entered in the case" and the offer "did not offer to allow judgment to be taken for or against either party." Instead, the offer allowed only for dismissal of the lawsuit with prejudice. The superior court therefore denied Dr. Sayer's request for Rule 68 fees, but awarded him partial attorney's fees under Rule 82.

Dr. Sayer argues that the superior court erred in requiring that a Rule 68 offer of judgment must offer to have judgment taken for or against a party. Bashaw responds that the superior court correctly interpreted the rule as revised by us in 1987 to incorporate prior legislative amendments.[8]

In choosing the language "an offer to allow judgment to be entered," the legislature appears to have intended for parties to choose between forgoing the protections of Rule 68 attorney's fees and offering to allow judg-ment to be entered.[9] Unlike some other states' rules that explicitly allow cost-shifting after the offeror makes an offer of "settle-ment" or "compromise,"[10] the rule allows cost-shifting only after the offeror makes an offer of "judgment."[11] Since Rule 68 was first adopted in 1959, it has presupposed an offer of "judgment."

Dr. Sayer advances policy arguments that favor a broader interpretation of Alaska's rule. He correctly notes that we have stated that "Rule 68 has the purpose of encouraging settlements and avoiding protracted litiga-tion."[12] He argues that as a physician, his reputation, malpractice insurance rates, and practice would be negatively impacted by having a judgment entered against him on the record. He argues that requiring parties in his position to offer to have judgment entered against themselves in order to be eligible for Rule 68's enhanced cost-shifting might deter them from offering to settle at all. And at least one state, California, con-siders offers for dismissal with prejudice in lieu of entry of judgment to be valid for the purpose of its offer of judgment rule.[13]

---

feror made the offer. The parties appear to agree that the offer was made "no later than 60 days after the date established in the pretrial order for initial disclosures required by Civil Rule 26," so if the offer was a valid offer of judgment, Bashaw would be required by Rule 68(b)(1) to pay Dr. Sayer seventy-five percent of his reasonable actual attorney's fees incurred after he made the offer. Alaska R. Civ. P. 68(b)(1).

8. As adopted in 1959, former Rule 68 stated in pertinent part "a party defending against a claim may serve upon the adverse party *an offer to allow judgment to be taken against him.*" Alaska Supreme Court Order No. 5 (October 9, 1959) (emphasis added). In 1980 the legislature added a new subsection to AS 45.45.010 (a statute relat-ing to offers of judgment) that read in pertinent part "either the party making a claim or the party defending against a claim may serve upon the adverse party *an offer to allow judgment to be entered.*" Ch. 107, § 3, SLA 1980 (emphasis added). This appears to be the first time the "to be entered" language appears in the statutes or rules pertaining to offers of judgment. The 1980 act stated that it was not amending Rule 68. Ch. 107, § 5, SLA 1980. In 1981 the legislature moved the subsection of AS 45.45.010 quoted above from Title 45 to Title 9. Ch. 48, § 1, SLA 1981. In 1986 the legislature amended the lan-guage of AS 09.30.065 in a way not relevant to the issues in this case. *See* ch. 139, § 2, SLA 1986. In 1987 we amended Rule 68 to incorpo-rate the "to be entered" language from AS

09.30.065. Alaska Supreme Court Order No. 818 (April 22, 1987). Later amendments to the statute and rule in 1997 and to the rule in 2005 are not relevant to the issues in this case. *See* ch. 26, §§ 16–17, 52, SLA 1997; Alaska Supreme Court Order No. 1281 (August 7, 1997); Alaska Supreme Court Order No. 1565 (February 1, 2005).

9. AS 09.30.065; Alaska R. Civ. P. 68.

10. *See, e.g.,* Colo.Rev.Stat. Ann. § 13–17–202 (2008) ("an offer of settlement"); Conn. Gen. Stat. Ann. § 52–192a (2008) ("a written offer of compromise . . . offering to settle the claim un-derlying the action"); Fla. R. Civ. P. 1.442 ("a proposal for settlement"); N.D. R. Civ. P. 68(a) ("an offer . . . to enter into a stipulation dismiss-ing the claim"); Tex.R. Civ. P. 167.1–7 ("settle-ment offer"); Utah R. Civ. P. 68 ("an offer"); Wyo. R. Civ. P. 68 ("an offer . . . to settle a claim").

11. AS 09.30.065; Alaska R. Civ. P. 68.

12. *Cook Schuhmann & Groseclose, Inc. v. Brown & Root, Inc.,* 116 P.3d 592, 598 (Alaska 2005); *see also Fernandes v. Portwine,* 56 P.3d 1, 9 (Alaska 2002).

13. California's offer of judgment rule was amended in 1997. The pre-amendment rule was similar to ours, stating that "any party may serve

These considerations might be relevant to the legislature if it were considering whether to amend the statute that presently specifies the text of our rule. But we hold that the plain language of the existing statute and rule requires an offeror to make an offer that allows for entry of judgment. We also hold that a dismissal with prejudice is not a judgment for purposes of Rule 68. We will not rewrite textually clear rules of procedure to advance the broad, abstract goals arguably attributed to those rules. Not all offers of settlement satisfy Rule 68.[14] Only offers to allow judgment to be entered can satisfy Rule 68.

■ Because the offer did not offer to allow judgment to be entered, it was not a valid offer under Rule 68. Dr. Sayer's offer reflected his unwillingness to have judgment entered against him. He was entitled to make that choice, but he is not entitled to reap the benefits of Rule 68 without subjecting himself to its detriments.

In *Haberkorn v. Chrysler Corp. (Two Cases)*, the Michigan Supreme Court similarly interpreted its offer of judgment rule, Michigan Court Rule 2.405.[15] The court held that an offer of judgment was defective because it "expressed a willingness to settle and to bring an end to the case," but not "to stipulate to the entry of judgment in a sum certain," as required by the rule.[16] The court reasoned that the plain language of Rule 2.405 required entry of judgment, not merely dismissal of the case with prejudice, because dismissal would bring an end to the proceedings but not an adjudication on the merits.[17]

Dr. Sayer makes a number of additional arguments. He first asserts that the superior court erroneously required that a valid offer allow for entry of judgment "for or against either party." Bashaw responds that the superior court did not require any specific phrasing. Because we hold that a valid offer of judgment must allow judgment to be entered, and because the offer called only for dismissal with prejudice and not entry of judgment, the offer was not a valid Rule 68 offer of judgment. We therefore do not need to determine whether a valid offer of judgment must explicitly allow for judgment to be taken for or against a party.

Second, he argues that the superior court incorrectly relied on Alaska case law interpreting an older version of Rule 68, which specified that the offeror must "allow judg-

---

an offer in writing upon any other party to the action to allow judgment to be taken." Cal.Code Civ. P. § 998 (amended 1997). The current version allows offers "to allow judgment to be taken or an award to be entered." Cal.Code Civ. P. § 998. California courts have held that an offer of judgment is valid under either the pre- or post-amendment version of the rule if it calls for dismissal with prejudice in lieu of entry of judgment. *Peterson v. John Crane, Inc.*, 154 Cal. App.4th 498, 65 Cal.Rptr.3d 185, 189 (2007) (holding, under post-amendment version of rule, that "[a]lthough section 998 refers to entry of a judgment or award, an offer that provides for the plaintiff's dismissal of the action with prejudice is a valid form of offer under section 998"); *American Airlines, Inc. v. Sheppard, Mullin, Richter & Hampton*, 96 Cal.App.4th 1017, 117 Cal.Rptr.2d 685, 713–14 (2002) (holding that offer calling for dismissal with prejudice in lieu of entry of judgment was valid under pre-amendment offer of judgment rule); *Goodstein v. Bank of San Pedro*, 27 Cal.App.4th 899, 32 Cal.Rptr.2d 740, 743–44 (1994) (defining "judgment" for purposes of pre-amendment rule as any final disposition of lawsuit).

**14.** *Myers v. Snow White Cleaners & Linen Supply, Inc.*, 770 P.2d 750, 752–53 (Alaska 1989) (hold-

ing that only settlement offers that are sufficiently definite, irrevocable for ten days, and made more than ten days before trial offer protections required to earn fee award under Rule 68).

**15.** *Haberkorn v. Chrysler Corp. (Two Cases)*, 210 Mich.App. 354, 533 N.W.2d 373, 378 (1995). Four states currently have offer of judgment rules similar to ours. Ariz. R. Civ. P. 68 (stating "any party may serve upon any other party an offer to allow judgment to be entered in the action"); Mich. R. Civ. P. 2.405(B) (stating "a party may serve on the adverse party a written offer to stipulate to the entry of a judgment"); Minn. R. Civ. P. 68.01(a) (stating "any party may serve upon an adverse party a[n] ... offer to allow judgment to be entered"); N.M. R. Civ. P. 1–068(A) (stating "any party may serve upon any adverse party an offer to allow an appropriate judgment to be entered"). But only Michigan has addressed the issue whether a valid offer of judgment must allow judgment to be entered.

**16.** *Haberkorn*, 533 N.W.2d at 386.

**17.** *Id.* at 385–86.

ment to be taken against him." [18] Bashaw responds that the cases on which the superior court relied interpreted the most recent version of the rule.[19] Dr. Sayer's argument is not persuasive because the superior court does not appear to have relied on any cases interpreting an older version of Rule 68.

Third, Dr. Sayer contends that because Federal Rule of Civil Procedure 68 materially differs from Alaska's rule,[20] Bashaw mistakenly relied below on case law and treatises construing the federal rule.[21] Bashaw responds that the federal rule is analogous because it also requires an offer to allow judgment to be entered. We have considered interpretations of the analogous federal rule in interpreting Rule 68.[22] But the federal rule required that an offer of judgment "offer to allow judgment to be taken against the defending party," [23] whereas our rule only requires that an offer "allow judgment to be entered." [24] Federal cases and treatises interpreting the federal rule are therefore not dispositive here. The federal authority can nonetheless be instructive to the extent the federal rule, like Alaska's rule, requires that the offer "offer to allow judgment to be taken."

Fourth, he argues that requiring an offer of judgment to allow judgment to be taken against a party would lead to "silly results" and would serve no useful purpose. For example, a plaintiff or defendant might "offer[ ] to have judgment entered against *plaintiff,* if defendant will pay $10,000 to plaintiff." (Emphasis added.) Bashaw responds that "[t]he fact that creative attorneys could propose offers that are difficult, if not impossible, to understand does not suggest that the plain meaning of Rule 68 should be ignored." We are unpersuaded that interpreting Rule 68's requirement of an "offer of judgment" to actually require an offer for entry of a judgment would necessarily lead to "silly results." [25] And we have detailed the useful purposes of such a requirement above.

■ Fifth, he argues that seeking dismissal with prejudice did not render the offer invalid under Rule 68. Bashaw responds that to be valid the offer must also contain a provision offering judgment. Although the inclusion of nonmonetary terms does not necessarily invalidate an otherwise valid offer of judgment,[26] a valid offer must also include an offer to allow judgment to be entered.

Sixth, he argues that because an offer of judgment may have to be enforced by the

**18.** Former Alaska R. Civ. P. 68(a), *amended by* Alaska Supreme Court Order No. 818 (April 22, 1987).

**19.** The superior court cited *Smith v. CSK Auto, Inc.,* 132 P.3d 818, 820 (Alaska 2006), and *Lowell v. Hayes,* 117 P.3d 745, 760 (Alaska 2005), both of which were decided under the new rule.

**20.** Fed.R.Civ.P. 68 (amended 2007). As of December 1, 2007, the federal rule no longer requires that judgment be taken against the defending party. Fed.R.Civ.P. 68 & advisory committee's notes.

**21.** *See, e.g., Marek v. Chesny,* 473 U.S. 1, 6, 105 S.Ct. 3012, 87 L.Ed.2d 1 (1985); 12 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 3002 (2d ed.1997).

**22.** *See, e.g., Lowell,* 117 P.3d at 760 n. 75 (citing federal cases and treatise to support statement that "the general rule is that a Rule 68 settlement offer may include language that the offer is not an admission of liability"); *Mackie v. Chizmar,* 965 P.2d 1202, 1204–05 (Alaska 1998) (noting that "our rule is based" on federal rule, "consider[ing] ... the scope" of Federal Rule 68, and

quoting from sources discussing federal rule); *Rules v. Sturn,* 661 P.2d 615, 618 (Alaska 1983) (quoting from sources discussing federal rule).

**23.** Fed.R.Civ.P. 68 (amended 2007).

**24.** Alaska R. Civ. P. 68(a).

**25.** For example, we have approved the use of a Rule 68 offer of judgment form containing the following sample language: "Defendant, pursuant to Civil Rule 68, hereby offers to allow entry of judgment for plaintiff ...." *Farnsworth v. Steiner,* 601 P.2d 266, 269 & n. 3 (Alaska 1979).

**26.** *Cook Schuhmann & Groseclose v. Brown & Root,* 116 P.3d 592, 599 (Alaska 2005) (holding valid offer of judgment containing "unambiguous and unconditional" nonmonetary provisions); *see also Lowell,* 117 P.3d at 760 (holding that valid offer of judgment may include language that offer is not admission of liability); *Jaso v. McCarthy,* 923 P.2d 795, 801–02 (Alaska 1996) (holding that valid offer of judgment may require party to satisfy liens); *Grow v. Ruggles,* 860 P.2d 1225, 1227–28 (Alaska 1993) (holding that valid offer of judgment may state that party is responsible for liens).

offeree if the offeror does not pay, an offer for dismissal with prejudice is more favorable to the offeree. Bashaw responds that because a judgment can be directly enforced without filing a new proceeding, a judgment is more favorable to the offeree than an accepted offer followed by a dismissal with prejudice. She also argues that this was not a basis for the superior court's ruling, and that there is risk of noncompliance and "cumbersome post-agreement litigation" with both methods. Dr. Sayer's argument is unpersuasive because ease of enforcement is irrelevant to determining an offer's legal validity under Rule 68, although we note that a judgment may be preferable as a policy matter because it is more easily enforced.

■ Seventh, he argues that because the offer he made would have extinguished all of Bashaw's claims, it was an offer of judgment.[27] Bashaw responds that even though Dr. Sayer's offer would have extinguished all of her claims had she accepted it, it was still not an offer of judgment for purposes of Rule 68. We hold that although extinguishment of all claims is a necessary component of a valid offer of judgment,[28] it is insufficient to render valid an otherwise invalid offer.

Eighth, he argues that "[a] provision that the plaintiff's case will be dismissed with prejudice is routinely found in offers of judgment." Bashaw argues that the cases cited by Dr. Sayer do not support his proposition. The offers in the two cases appear to have

contained provisions offering to allow judgment to be entered in addition to the provisions allowing for dismissal with prejudice.[29] They therefore do not support the proposition for which he cites them.

Ninth, he argues that a dismissal with prejudice is a type of judgment.[30] Bashaw responds that although a dismissal with prejudice may be considered a judgment in other contexts, it is not necessarily a judgment for the purpose of Rule 68. As discussed above, dismissal with prejudice is not a judgment for the purpose of Rule 68; the cases Dr. Sayer cites are not to the contrary.

Finally, he argues that although "[t]here is very little in the legislative record," the legislative history supports a broader interpretation of the rule because legislators referred to the rule as both an "Offer of Settlement" and an "Offer of Judgment" rule. Bashaw responds that "[t]he available legislative history sheds little light" on legislative intent. The legislative history is not sufficiently clear or on-point to contradict the plain meaning of the 1980 statute that was the source of the relevant words in Rule 68.[31]

Bashaw contingently argues that if we hold that the offer was a valid offer of judgment, we should consider her arguments that the offer was unreasonable or made in bad faith. Because we conclude that the offer was not a valid offer of judgment, we do not need to address these contentions.

---

**27.** Dr. Sayer cites *Fernandes v. Portwine*, 56 P.3d 1, 9 (Alaska 2002), for the proposition that a valid offer of judgment "must be comprehensive and must settle all claims."

**28.** *See* Alaska R. Civ. P. 68(a) (requiring that valid offer "complete[ly] satisf[y]" claim).

**29.** *See Fernandes*, 56 P.3d at 8 (offering to have judgment entered in favor of plaintiffs, but also providing for dismissal of counterclaims); *Gossett v. Era Meyeres Real Estate*, 787 P.2d 1025, 1025 (Alaska 1990) (noting that "[t]he offer and acceptance were filed and a final judgment was entered as follows: 'judgment is hereby entered in favor of plaintiffs Perry Gossett and Marilyn M. Gossett in the amount of $100,000' ").

**30.** Dr. Sayer cites in support *Smith v. CSK Auto, Inc.*, 132 P.3d 818, 820 (Alaska 2006) (holding that dismissal with prejudice is judgment for

purposes of res judicata), and *Albritton v. Larson's Estate*, 428 P.2d 379, 382 (Alaska 1967) (holding that dismissal with prejudice is judgment under old definition from former Rule 54(d)).

**31.** *Alaska Nat'l Ins. Co. v. Northwest Cedar Structures, Inc.*, 153 P.3d 336, 339 (Alaska 2007) (stating that we consider language, purpose, and legislative history in interpreting statute, and that "[i]n order to interpret a statute contrary to its plain meaning, the plainer the language, the more convincing contrary legislative history must be" (internal quotation marks omitted) (citing *In re Estate of Maldonado*, 117 P.3d 720, 725 (Alaska 2005); *Alderman v. Iditarod Props., Inc.*, 32 P.3d 373, 393 (Alaska 2001))).

## IV. CONCLUSION

The superior court's order denying Rule 68 attorney's fees is AFFIRMED.

MATTHEWS, Justice, not participating.