WINFREE, Justice,
concurring.
I respectfully disagree with the court’s conclusion that Joshua Blackwell’s Rule 68 Offer of Judgment was an offer to allow entry of judgment rather than an offer to pay money in exchange for dismissal. But because the court alternatively concludes that Dixie Dixon waived this argument by failing to raise it to the superior court, and I agree with that conclusion, I concur in the ultimate decision by the court.
It is clear from the record that Dixon did not argue to the superior court that Blackwell’s offer of judgment was an offer to pay rather than an offer to allow entry of judgment.[1] The “indefinite and conditional” argument Dixon raised to the superior court related to statements in the offer of judgment about resolution of potential liens on Dixon’s recovery. The first time Dixon argued that Blackwell’s offer of judgment was ambiguous regarding an entry of judgment or payment and dismissal was in her opening appellate brief. Dixon therefore did not preserve this issue for appeal,[2] and that should be enough to resolve this issue, as the court expressly states.[3]
But because the court nonetheless addresses the merits of the issue, I will set out the nature of my disagreement. An offer of judgment that includes language for the entry of judgment in exchange for dismissal is, as noted in ASRC Energy Services & Power Communications, LLC v. Golden Valley Electric Ass’n, ambiguous at best and an offer to pay at worst, and therefore unenforceable.[4] In my view we should draw a bright-line rule on this point. Moreover, contrary to the court’s discussion today, Blackwell’s superior court briefing and the superior court’s order both support the conclusion that Blackwell’s offer actually was an offer to pay, not an offer to allow entry of judgment. When arguing whether the offer of judgment language about liens was vague, indefinite, or conditional, Blackwell stated:
[Blackwell] offered to pay Ms. Dixon $28,878.83, plus Rule 79 costs, prejudgment interest, Rule 82 attorney fees, and to assume responsibility for the State Farm Medical Payments lien, the amount of which has been disclosed and discussed at length in the medical payments arbitration process over the prior year. That was the offer, plain and simple.
The superior court’s order awarding Rule 68 attorney’s fees stated:
Mindful of the case law cited by the parties, the court finds the offer of judgment sufficiently clear and enforceable without conditions. State Farm was going to pay to Ms. Dixon, on behalf of ... Mr. Blackwell, the sum of $28,878.83, plus ARCP 82 attorneys fees, plus interest, plus allowable costs, and State Farm would additionally eat its own med pay lien....
It is apparent that both Blackwell and the superior court considered Blackwell’s Rule 68 offer to be an offer to pay in return for a dismissal, not an offer to allow entry of judg *195 ment. But because this specific issue was not raised to the superior court and our ASRC Energy Services decision had not yet been issued, I cannot conclude that it was plain error for the superior court to enforce the offer as an offer to allow entry of judgment.[5]

. See ASRC Energy Servs. & Power Commc'n, LLC v. Golden Valley Elec. Ass'n, 267 P.3d 1151, 1168-69 (Alaska 2011) (holding invalid an offer of judgment that was ambiguous as to payment for dismissal or entry of judgment); Sayer v. Bashaw, 214 P.3d 363, 366 (Alaska 2009) (holding invalid Rule 68 offer to pay settlement amount in return for dismissal).

. “We will not consider issues on appeal that were not raised [in the trial court] absent plain error, which exists 'where an obvious mistake has been made which creates a high likelihood that injustice has resulted.’ ” David S. v. State, Dep’t of Health & Soc. Servs., 270 P.3d 767, 774 (Alaska 2012) (quoting DJ. v. P. C., 36 P.3d 663, 667-68 (Alaska 2001)).

. Op. note 35.

. ASRC Energy Seivs., 267 P.3d at 1168-69.

. See note 2, supra.